# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

SAMER NACHAAT SALAMI,

      Defendant-Appellee.

UNPUBLISHED
December 19, 2017

No.  323073
Wayne Circuit Court
LC No.  13-003689-FH;
       13-003690-FH

---

ON REMAND

Before:  MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

On July 26, 2016, the Michigan Supreme Court entered an order holding the application in this matter in abeyance pending the Court's decisions in "the cases of *People v Steanhouse* (Docket No. 152849) and *People v Masroor* (Docket Nos. 152946-8) . . . ."  *People v Salami*, ___ Mich ___; 882 NW2d 525 (2016).

Subsequently, on October 31, 2017, the Michigan Supreme Court reversed "the judgment of the Court of Appeals remanding this case to the trial court" and remanded it to this Court for "a plenary review of the prosecutor's claim that the defendant's sentence was disproportionate when applying the standard set forth in *People v Milbourn*, 435 Mich 630, 636 (1990).  See *People v Steanhouse*, 500 Mich at 460-461."  *People v Salami*, ___ Mich ___; 902 NW2d 603 (2017).  We now vacate defendant's sentence and remand this matter to the trial court for resentencing.

The issue here is whether defendant's departure sentence is reasonable, as we considered in our previous opinion in *People v Salami*, unpublished per curiam opinion of the Court of Appeals, issued December 10, 2015 (Docket No. 323073), p 4.  *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).  The controlling standard of reasonableness is the principle of proportionality pursuant to *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).  See *People v Steanhouse*, 500 Mich 453, 471-472; 902 NW2d 327 (2017).  Unfortunately, at the time of sentencing, the trial court fixated on the highly speculative, apparently looming, yet also apparently still unfulfilled, prospect of potential federal charges against defendant.  We previously cautioned the trial court to refrain from speculation and only consider the facts in the record when sentencing the defendant and we do so once again.  The trial court's apparent

-1-

displeasure with the United States Attorney's office, and the trial court's speculation that defendant would be charged with federal crimes, were not proper considerations when sentencing. Such considerations have absolutely nothing to do with the seriousness of the matter before the trial court and we have found no authority holding that such considerations are proper under the "principal of proportionality" method of review. Cf. *People v Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 18-19 & n 9 (explaining proper considerations when departing from the sentencing guidelines).

As this Court recently explained in *Dixon-Bey*, ___ Mich App at ___; slip op at 16:

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. [*Steanhouse*, 500 Mich at 471.] In *Steanhouse*, the Michigan Supreme Court clarified that 'the relevant question for appellate courts reviewing a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality[.]' [*Id*.] The principle of proportionality is one in which

"a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." [[*Id*. at 472], quoting *Milbourn*, 435 Mich [at 651].]

Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " [*Steanhouse*, 500 Mich at 472,] quoting *Milbourn*, 435 Mich at 661. [*Dixon-Bey*, ___ Mich App at ___; slip op at 16.]

The sentencing guidelines are an "aid to accomplish the purposes of proportionality . . . ." *Id*. at ___; slip op at 18. The sentencing guidelines "'provide objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id*., quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). The Michigan Supreme Court has been clear that while the sentencing guidelines are now only advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse*, 500 Mich at 474-475. As this Court recently explained:

Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1)

whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, ___ Mich App at ___; slip op at 18-19.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id.*, and the defendant's potential for rehabilitation, *id.*' " *Dixon-Bey*, ___ Mich App at ___; slip op at 19 n 9, quoting *Steanhouse*, 313 Mich App at 46. On remand, these are the factors that the trial court should employ when re-sentencing the defendant.

The "key test" applicable to sentencing is "whether the sentence is proportionate *to the seriousness of the matter* . . . ." *Milbourn*, 435 Mich at 661 (emphasis supplied). In this case, the trial court's sentencing decision had little, if anything, to do with the seriousness of defendant's crimes. At the defendant's original sentencing, the trial court acknowledged that its sentencing decision was not a reflection of the seriousness of the offense and defendant's background, but rather, an application of the trial court's subjective philosophy with regard to the interplay between state and federal prosecutions. In fact, at the time, the trial court recognized that the circumstances of the case warranted a more severe sentence and it went so far as to explain that defendant " 'committed some very serious crimes,' " which were " 'repeated' " and " 'calculated[.]' "

Therefore, we vacate defendant's sentence and remand for resentencing pursuant to this opinion.

We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan

-3-